# FLEMING FOODS WEST, INC.,
## a Nevada corporation,
*Respondent,*

*v.*

# Derald MATHIES,
*Appellant.*

## (9401-00556; CA A84655)

896 P2d 614

George M. Joseph, Judge pro tempore.

Lory J. Kraut argued the cause for appellant. With her on the briefs were Mark S. Toledo and Bennett & Hartman.

Richard N. Van Cleave argued the cause for respondent. With him on the brief were Richard C. Hunt and Lane Powell Spears Lubersky.

Before Richardson, Chief Judge, and Edmonds and Leeson, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals a summary judgment on plaintiff's claim for declaratory judgment. ORS chapter 28 *et seq*; ORCP 47 C. He assigns error to the trial court's grant of summary judgment in plaintiff's favor and failure to grant summary judgment in his favor, as well as its failure to strike the deposition testimony of a witness. We reverse.

■■ Summary judgment should be granted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. On review of a summary judgment, we examine the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Mittleman Properties v. Bank of California*, 131 Or App 666, 668, 886 P2d 1061 (1994).

The summary judgment record indicates that defendant worked for plaintiff for approximately six months before his employment was terminated. The circumstances surrounding defendant's termination are disputed. Plaintiff claimed that it fired defendant because of absenteeism, tardiness and poor work production. Defendant contended that he was terminated in retaliation for pursuing a claim of racial harassment with the Bureau of Labor and Industries.

Following his termination from employment, defendant filed for unemployment compensation benefits, which were initially denied. At the hearing on the appeal of the denial of unemployment benefits, defendant was represented by attorney Hollander. Shortly after the hearing began, Hollander and plaintiff's counsel, Hunt, entered into settlement negotiations. At some point, Hunt and Hollander thought that they had reached an agreement. Both attorneys took notes regarding the terms of the agreement, and Hunt dictated what he believed were the terms of the settlement agreement into a cassette recorder in the presence of defendant and Hollander. The terms required plaintiff not to contest defendant's right to unemployment benefits, to give defendant a positive work recommendation, to pay defendant $10,000 in liquidated damages in the event that plaintiff gave a negative reference to a prospective employer of defendant and to give defendant a forklift operator's certificate. In return, defendant agreed to release plaintiff from all claims

and grievances arising out of his employment, with the exception of any workers' compensation claims and the unemployment compensation claim. As a result of the purported agreement, plaintiff did not contest defendant's right to unemployment compensation, and he was granted compensation at the hearing.

The following day, Hunt prepared a formal written agreement. He sent a draft of the agreement to Hollander for his review and defendant's signature. Eventually, defendant reviewed the settlement agreement at Hollander's office, but refused to sign it. Hollander informed Hunt that defendant would not sign the agreement and that he would no longer represent defendant in the dispute.

Plaintiff filed this action seeking a declaration that the oral settlement discussion between the parties is a valid and enforceable contract and a judgment granting specific performance of the agreement. Defendant counters that he intended to settle only his unemployment claim at the time of the oral discussion, that his counsel was not authorized to settle any other claim, and that there is no enforceable agreement between the parties because there was no "meeting of the minds." Both parties moved for summary judgment. The trial court granted plaintiff's motion and also concluded that the parties' agreement included a provision that limited defendant's entitlement to liquidated damages to any claim made within two years of the agreement. The court also denied defendant's motion for summary judgment.

■ Defendant argues that the trial court erred in granting plaintiff's motion for summary judgment, because there is at least an issue of fact about whether the parties agreed to limit the liquidated damages provision to two years, a material term of the purported agreement. Defendant's evidence in support of his argument includes the fact that the lawyers' notes and dictation taken at the time of the alleged contract do not mention any time limitation on the liquidated damages provision. Also, in an affidavit, defendant said:

"I do not know the meaning of the 'liquidated damages' language in paragraph 6 [of the proposed settlement agreement], do not recall discussions of that term at the time of my unemployment insurance hearing on December 2, 1993, and

*recall no discussions of a two year limit on these damages."*
(Emphasis supplied.)

Also, there was testimony from an employee of plaintiff who was present at the discussion. He said that he did not "recall" whether the two-year limitation was mentioned in front of all of the parties. Plaintiff offered evidence of testimony from both lawyers to the effect that the two-year limitation had been agreed to orally by defendant during the discussion among defendant, Hollander and Hunt.

When viewed in the light most favorable to defendant, we conclude that an issue of fact exists about whether the two-year limitation on liquidated damages was discussed with and agreed to by defendant. The terms dictated by Hunt in the presence of defendant are one and one-half pages of specific details containing eight subject areas.[1] They begin with this statement: "The following summarizes the basic terms of the understanding between Fleming Foods and Derald Mathies." Item six, the provision concerning liquidated damages, says:

"In the event that the Human Resources Department gives a negative review to any prospective employer, then Mr. Mathies will be entitled to liquidated damages in the sum of $10,000 upon proof that such negative reference was given rather than the reference set forth herein."

Hollander's notes made at the time of the discussion, albeit cryptic, track with the eight subject areas of Hunt's dictation. Item six in Hollander's notes says, in part, "$10K." It could be inferred from the facts that Hollander and Hunt intended that Hunt's dictation memorialize the parties' agreement until Hunt could prepare a formal document. In the light of those facts, the absence of any reference in the dictated notes to a two-year limitation and the fact that neither defendant nor plaintiff's representative recalls such a limitation being discussed, a reasonable trier of fact could find

---

[1] The specificity of Hunt's dictation is illustrated by the following:

"[Defendant] will agree to release any and all claims arising out of his employment with or separation from the company, including the pending complaint with the Oregon Bureau of Labor and Industries, any claims for wrongful termination or any claims arising out of his employment with or separation from the company; provided, however, that this general release will not include a release of workers' compensation claims which may not be waived under Oregon statute and the unemployment compensation claim."

that defendant had not agreed to the two-year limitation. The trial court erred when it granted plaintiff's summary judgment motion.[2]

In his second assignment of error, defendant contends that the trial court should have granted summary judgment in his favor. Defendant is not entitled to a summary judgment for the same reason that plaintiff is not. There is a factual dispute about whether there was a meeting of the minds on all material terms. The trial court did not err in denying defendant's motion for summary judgment.

Defendant's third assignment of error does not warrant discussion.

Reversed and remanded.

---

[2] Because we decide that there is a question of fact on this issue, we do not decide whether there are other questions of fact.